UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-22874-KMM

DAMIOUN LAQUANN COLE,

    Plaintiff,
v.

KILOLO KIJAKAZI,
Acting Commissioner of the
Social Security Administration,[1]

    Defendant.
_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon the Parties' cross motions for summary judgment. Plaintiff Damioun Laquann Cole ("Plaintiff") filed a Complaint seeking reversal of a final decision of the Commissioner of Social Security ("Defendant"). (ECF No. 1). On May 1, 2021, Plaintiff filed his Motion for Summary Judgment and Memorandum in Support Thereof. ("Pl.'s Mot.") (ECF No. 29). On August 2, 2021, Defendant filed his Motion for Summary Judgment with Supporting Memorandum of Law and Response to Plaintiff's Motion for Summary Judgment. ("Def.'s Mot.") (ECF No. 32). The Court referred the matter to the Honorable Jacqueline Becerra, United States Magistrate Judge, who issued a Report and Recommendation recommending that Plaintiff's Motion be GRANTED IN PART AND DENIED IN PART, and Defendant's Motion be GRANTED IN PART AND DENIED IN PART. ("R&R") (ECF No. 36).

---

[1] Plaintiff initiated this suit against then-Acting Commissioner Andrew Saul. Kijakazi replaced Andrew Saul as the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity . . . otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded."

The Parties did not file objections to the R&R and the time to do so has passed. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

As set forth in the R&R, Magistrate Judge Becerra makes the following findings: (1) the Administrative Law Judge ("ALJ") erred in its failure to provide an explanation of how, if at all, it considered the opinions of Dr. Judith Siskind, Ph.D. with respect to Plaintiff's cognitive functional abilities, *see* R&R at 15, 17–18, but that the ALJ did properly consider the opinion (or lack thereof) of Dr. Alejandro Arias, Psy.D., *see id.* at 18–19; (2) the ALJ erred in its failure to fully consider the objective evidence pertaining to Plaintiff's back condition, *see id.* at 21–22; (3) the ALJ properly discounted lay witnesses' testimonies by stating that they were not consistent with the record, but that it should reconsider those testimonies in light of its renewed consideration of Dr. Siskind's opinion and the evidence regarding Plaintiff's back condition, *see id.* at 22–24; (4) the ALJ properly considered the listings at Step Three of the five-part analysis, should nevertheless reconsider whether this conclusion holds based on its reconsideration of Dr. Siskind's opinion and the evidence regarding Plaintiff's back condition, *see id.* at 24–28; (5) the ALJ properly complied with the requirements of Social Security Ruling 82-62 at Step Four of the five-part analysis, *see id.* at 28–30; (6) the ALJ failed to pose complete hypotheticals to the Vocational Expert by failing to include all of Plaintiff's relevant limitations, and therefore its Step Five determination was not supported by substantial evidence, *see id.* at 32; and (7) the ALJ was not required to resolve a conflict between a limitation to simple, routine and repetitive tasks vis-à-vis a reasoning level of two, because there is no apparent conflict for the ALJ to resolve, *see id.* at 33–35. This Court agrees.

Accordingly, UPON CONSIDERATION of the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 36) is ADOPTED, Plaintiff's Motion (ECF No. 29) is GRANTED IN PART AND DENIED IN PART, and Defendant's Motion (ECF No. 32) is GRANTED IN PART AND DENIED IN PART.  The Court hereby REVERSES the Administrative Law Judge's decision and REMANDS this cause to the Administrative Law Judge:

1.  To provide an explanation as to how it considers the opinions of Dr. Judith Siskind with respect to Plaintiff's cognitive functional abilities;

2.  To reconsider its decision while accounting for the objective evidence pertaining to Plaintiff's back condition;

3.  To reconsider the lay witness testimonies while accounting for Dr. Siskind's opinion and the objective evidence pertaining to Plaintiff's back condition;

4.  To reconsider whether its conclusions at Step Three hold based on its reconsideration of Dr. Siskind's opinion and the evidence regarding Plaintiff's back condition; and

5.  To reconsider Step Five in light of the Magistrate Judge's conclusion that the ALJ's hypothetical questions were incomplete.

DONE AND ORDERED in Chambers at Miami, Florida, this 24th day of September, 2022.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record