UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-22874-KMM

DAMIOUN LAQUAN COLE,

    Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.

                                           /

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff's Application for Attorney's Fees and Costs Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) ("Application" or "App.") (ECF No. 38). Therein, Plaintiff requests that the Court enter an order granting $9,677.23 in attorney's fees. *See* App. at 2, 13; (ECF No. 43) at 3–4. The matter was referred to the Honorable Jacqueline Becerra, then United States Magistrate Judge (ECF No. 40) who issued a Report and Recommendation, ("R&R") (ECF No. 44), recommending that the Application be GRANTED, in Part, and DENIED, in Part. No objections to the R&R were filed, and the time to do so has now passed. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed. R. Crim. P. 59(b)(3). A *de novo* review is therefore required if a party files "a proper, specific

objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.* Yet when a party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

The Report and Recommendation concludes that (1) the number of hours Plaintiff claims is reasonable, (2) the requested hourly rates are warranted, as adjusted for the increase in the cost-of-living, and (3) the award of attorney fees should be payable to Plaintiff's counsel, rather than Plaintiff. *See generally* R&R. The R&R further provides that Plaintiff's time entry of 2.4 hours for drafting the Application should be reduced to 1.4 hours because the Application is "routine and of nearly a template nature." *Id.* at 4. The R&R thus concludes that attorney's fees in the sum of $9,444.16 are reasonable based on the hours worked and tasks performed. *See id.* at 8. This Court agrees.

Accordingly, UPON CONSIDERATION of the Application, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 44) is ADOPTED. Plaintiff's Application is GRANTED, in Part, and DENIED, in Part. Plaintiff is awarded $9,444.16 in attorney's fees, to be

paid to Plaintiff's counsel, contingent upon a determination that Plaintiff owes no qualifying debt to the Government.

DONE AND ORDERED in Chambers at Miami, Florida, this __30th__ day of September, 2024.

*K. M. Moore*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record